IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRAVIS SHANKS                                                                          PLAINTIFF

VS.                                              CIVIL ACTION NO.  5:04cv115-DCB-JCS

CLINTON ROBINSON                                                               DEFENDANT


MEMORANDUM OPINION AND ORDER

This action is before the Court for entry of an order and judgment pursuant to the trial conducted on July 27, 2005.  This "Civil Rights Action" was originally filed in state court alleging violations of the Plaintiff's rights under the Eighth and Fourteenth Amendments.   The Defendant subsequently removed the case based upon 28 U.S.C. §§ 1331, 1441, and 1446.  After removal, the Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff  and counsel for the defendants.   At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. 636(c); Fed. R. Civ. P. 73. Shanks is proceeding in this matter *pro se*.  The Court held an evidentiary trial and enters findings of fact and conclusions of law as discussed below.  As explained in this opinion, the Court granted a judgment as a matter of law in favor of the defendant Clinton

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Robinson at the close of plaintiff's case because he failed to prove that the defendant used excessive force against him. Accordingly, this action is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

## I.  Plaintiff's Claims

Plaintiff claims that the Defendant violated his Eighth Amendment rights during his time of incarceration as a pretrial detainee at the Claiborne County Jail. In his complaint and at the omnibus hearing, Shanks claims that the Defendant Robinson used excessive force and caused him bodily harm during an incident which occurred on February 3, 2003[2].  He alleges that, without provocation, the Defendant Robinson forced him from the visitation room at the Claiborne County Jail and hit him repeatedly in the face and ribs.

## II.  Evidence Presented and Discussion

At the evidentiary trial of this matter, plaintiff presented evidence in the form of testimony from five witnesses to the incident, including himself, as follows: Andrew Brown, Clinton Robinson (defendant), Tobias Shanks, and Rosa Alicia Shanks.  He also made a proffer of testimony by his mother, Princess Patterson.  Having observed the testimony of the witnesses and examined the evidence presented, see Defendant's Exhibits D-1 and D-12, the Court finds that the Plaintiff deliberately disobeyed Defendant's order to abstain from using profanity in the visitation room, that he refused

---

[2]At trial, the Plaintiff asserted and records were admitted showing that the incident occurred on February 1, 2003.

to exit from the visitation room, and that he resisted the Defendant's efforts to restrain him and force him to exit from the room.   A review of the Plaintiff's medical records presented show that he received medical treatment that day, and, as a result of the incident, he did not sustain any open wounds or bruises, but merely complained of mild tenderness.  X-rays taken that day were also negative as to any injuries. Based on this evidence, the Court finds that any injuries the Plaintiff sustained were *de minimis*[3], and thus do not rise to the level of a constitutional violation.  Furthermore, the Court finds that the Plaintiff failed to prove his claims of excessive force.  "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." Eason v. Holt, 73 F.3d 600 (5th Cir. 1996)(citing Hudson v. McMillan, 503 U.S. 1, 7 (1992) ).  From the evidence presented at trial, it appears that this event, lasting no longer than a few seconds, occurred in the context of an effort by the Defendant and other officers to restore order after the Plaintiff, according to his testimony, refused to obey a direct order from the Defendant and struck the Defendant in an effort to resist being removed from the visitation room.  The Plaintiff's own brother, Tobias Shanks, testified that he witnessed the event, and that the Plaintiff and Defendant were "tussling," but that no blows were struck.  The testimony of the Plaintiff's witnesses and the Plaintiff simply

---

[3]"In just about every conceivable situation, some amount of force or contact would be too nominal to constitute a constitutional violation. When the force used is insufficient to satisfy the legal standard necessary for recovery, the amount of force is de minimis for constitutional purposes." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir.1996).  see also Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997)(Cuts, bruises, abrasions, etc., lasting only two or three days do not rise to the level of a constitutional injury.).

does not show that, if force was applied by the Defendant, it was applied maliciously and sadistically to cause harm.  Accordingly, Shanks has failed to prove his claim under <u>Hudson</u>, and this claim is dismissed with prejudice.

### III.  Conclusion

For the reasons stated above, the Court finds that the plaintiff has failed to prove his claim of excessive force under the Eighth Amendment and Fourteenth Amendment, as well as any state law claims.  Accordingly, this case is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the ___27___ day of July, 2005.

                                                           s/ James C. Sumner
                                                 UNITED STATES MAGISTRATE JUDGE